*287 The opinion of the Court was delivered' by
F'Wardlaw, J.
The attention of the Court has been confined to the first ground of appeal.
The penalty of the sheriff’s bond is $20,000; its condition is that the sheriff shall faithfully perform the duties of his office. For alleged breaches of duty, various persons have brought, within the summary jurisdiction of the Court, separate actions against a surety in the bond, grounding themselves upon the covenant supposed to be contained in the condition. The question is, can actions in this form be sustained ? In other words, will the action of covenant, instead of debt upon the penalty,’ lie against a shrety upon an ordinary official bond ?
It is not denied that a covenant may be expressed in the condition of a bond; it may even be conceded that a sheriff might, where justice required the construction, be held himself to have covenanted with the State, by his bond, that he would faithfully perform the duties of his office. But his sureties, by the bond, become bound for the payment of a penalty, which, upon breach of the condition ascertained, becomes an immediate debt. To construe their obligation into a covenant with every person aggrieved by a breach, that the sheriff shall perform his duty, is unnecessary; for, by the well-fixed mode of proceeding in an action of debt for the penalty, remedy may be had to the full extent of their obligation ; and might be prej udicial to them, for, by various actions of covenant, their liability might be extended beyond the ■ penalty. (See 2 Lord Raymond, 814.)
Our cases of the Treasurers vs. Bates, 2 Bail., 379, Treasurers vs. Buckner, 2 McM., 323, and Norton vs. Mulligan, 4 Strob., 357, and others cited in them, prescribe and defend a convenient practice in suits upon official bonds, which has long prevailed throughout the State, and is conformable to the requirements of the Legislature, in the Acts of 1829, 6 Stat., 384, and of 1792, 7 Stat., 280, § 7. Those who choose *288 to look carefully into the subject, will find that a reason for taking bonds for performance of covenants, grew out of the Stat. 3, W & M., c. 14, which made a devisee liable to an action of debt, but not to one of covenant; that the Stat. 8 & 9 W. 3, ch. 11, was intended to save the necessity of a resort to the Court of Equity to prevent the oppression of an obligee’s enforcing payment of the whole penalty, when the bond had become absolute by any breach of the condition ; that that statute was confined to penalties “ for non-performance of any covenants or agreements in any indenture, deed, or writing contained,” which words were held to embrace a covenant contained in the condition of the bond sued on, as well as those in a distinct instrument (2 Burr., 826); but that our Act of 1792 has the larger words of bonds “ conditioned for performance of covenants, or for the delivery of property, or for things other than the payment of money."
The anomalous course adopted in the oases before us, by persons who say that they are aggrieved by the misconduct qf this sheriff, might lead to confusion and mischief, and is at least unnecessary. The supposed advantage of speedier recovery by resort to the summary process, would be yielded by the Court at much hazard, when it should be allowed to prevail over the objections that the copy bond is, by the Act of -1829, contemplated as evidence only in suits on the bond, that the factum of the bond has never yet been established by the judgment of the Court, and that the nominal obligee, the State, has not recovered the penalty, nor even sued nor assigned.
In our case of Lynch vs. Crocker & Mitchell, 2 Bail., 313, a suit by sum. pro. was entertained, where on a money bond, of which the penalty was above the summary jurisdiction, the obligee sought in an action, considered to be one of covenant) to recover from the obligors the sum mentioned in the condition, which sum was within the summary jurisdiction. To this there could be no just objection, under the modern *289 practice and regulations, which have made the condition the real debt.
A subsequent case, the Treasurers vs. Walker & Horton, 2 Hill, 629, seems to have been thought undistiDguishable in principle, from Lynch vs. OrocJeer & Mitchell. But it will be seen that it was on the official bond of a constable, not a money bond; that it was for the benefit of a third person, not the obligee; that it required the submission of the condition to a jury, for assessment of damages, according to the Act of 1792, but could not have produced the judgment for the penalty contemplated by that Act; and that it was, in fact, liable to most of the objections which are met by the cases now in hand, to any one of which, it may be said to have been nearly similar. There was but one person aggrieved there, and if the demands of several, exceeding in the whole the summary jurisdiction, had been made to appear, a resort to the higher jurisdiction of the Court would have been ordered ; and above all, the action there was against the constable himself, not his surety; and in the desire to do substantial justice without regard to form, the Court was unwilling to turn the party aggrieved — whom it called “ the plaintiff” — out of Court. The case has, however, done mischief by producing these cases, and it may do more. It departs from well settled practice, if not from sound principles, and it ought not to stand. The express direction of my brethren has then been, that I should declare it overruled, as now I do.
In each of the cases mentioned in the report, the decree is reversed, and a nonsuit ordered.
O’Nball, Withers, Whitner, G-lover and Mxinro, JJ., concurred.

Motion granted.